UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JANEEN JARRETT, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-CV-1952 RLM |
| | ) |
| NANCY A. BERRYHILL,[1] ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| DEFENDANT | ) |

OPINION AND ORDER

Janeen Jarrett brought this action for judicial review after the Commissioner of Social Security denied her application for disability insurance benefits. The court vacated the Commissioner's decision and remanded the case to the Social Security Administration for further proceedings. Ms. Jarrett prevailed and was awarded $47,937.00 in past-due benefits. Ms. Jarrett's counsel, Joseph R. Wambach, has received $5,571.20 of the $6,154.50 the court awarded him for the services he provided pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Mr. Wambach's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is now before the court.

An attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of twenty-

---

[1] Nancy A. Berryhill was automatically substituted as the defendant in this case when she replaced Carolyn W. Colvin as the Acting Commissioner of Social Security pursuant to Federal Rule of Civil Procedure 25(d).

five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). While fees may be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796; *see also* Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) ("[I]f the award received under the EAJA . . . is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.").

Mr. Wambach asks the court to authorize attorney fees in the amount of $11,984.25, which represents twenty-five percent of Ms. Jarrett's past-due benefits and is within both the parameters of Section 406(b) and the parties' contingent fee agreement. The government hasn't objected to Mr. Wambach's request. The court must now decide whether the attorney fees yielded by that agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 809.

Mr. Wambach argues that the amount requested, $11,984.25, equates to an effective rate of approximately $276.77 per hour. He arrives at that calculation by dividing the amount requested by the 43.3 hours his firm spent on this matter. But he notes that only 21.9 hours were worked by attorneys; the other 21.4 hours represent the work of non-attorney staff. Courts have taken different approaches in considering non-attorney work in Section 406(b) fee awards. *See* Beach v. Berryhill, No. 14-CV-857-BBC, 2017 WL 3275546, at *2

(W.D. Wis. Aug. 1, 2017) (including non-attorney time when considering reasonableness of fee award while noting that "it appears to be an open question in this circuit whether paralegal time may be considered in assessing the reasonableness of a fee request under § 406(b)"); Westlund v. Berryhill, No. 15-CV-450-JDP, 2017 WL 2389724, at *2 (W.D. Wis. June 1, 2017) ("[t]he court considers only attorney time when calculating the compensation rate, not paralegal or 'administrative' time"); Acosta v. Comm'r of Soc. Sec., No. 14-10212, 2016 WL 8094540, at *8 (E.D. Mich. Nov. 17, 2016) (holding that a lesser rate should be awarded for hours worked by non-attorneys); Santino v. Astrue, No. 2:06-CV-75-PRC, 2009 WL 1076143, at *4 (N.D. Ind. Apr. 20, 2009) (considering the reasonableness of a fee award by calculating the effective rate both with and without non-attorney hours).

The court need not answer the question of whether or how to consider non-attorney hours to determine the reasonableness of Mr. Wambach's fee request. Even if the court disregards the 21.4 hours of non-attorney time reported by Mr. Wambach, the effective rate of approximately $547.21 per hour still falls within the range of what courts in this district have deemed reasonable. *See* Hill v. Comm'r of Soc. Sec., No. 1:11-CV-00134-SLC, 2016 WL 2643360, at *4 (N.D. Ind. May 10, 2016) (granting a fee request equating to an effective rate of $810); Bianco v. Colvin, No. 3:14CV98, 2016 WL 1295926, at *3 (N.D. Ind. Apr. 4, 2016) (granting a fee request equating to an effective rate of $825); Ittel v. Colvin, No. 2:12-CV-096 JD, 2014 WL 4905638, at *2 (N.D. Ind. Sept. 30,

2014) (granting a fee request equating to an effective rate of $521); Timberlake

v. Colvin, No. 3:11-CV-10 RLM, 2014 WL 793366, at *1 (N.D. Ind. Feb. 26, 2014)

(granting a fee request equating to an effective rate of $696); Smith v. Astrue, No.

1:05-CV-00202, 2009 WL 35223, at *3 (N.D. Ind. Jan. 5, 2009) (granting a fee

request equating to an effective rate of $550). This fee is reasonable in light of

the result achieved in this case and the contingent nature of the recovery.

Ms. Jarrett's application for social security disability benefits was denied

two separate times. After an administrative hearing resulted in a third denial of

Ms. Jarrett's application, she retained Mr. Wambach as counsel. Under the

terms of their agreement, Ms. Jarrett agreed that Mr. Wambach could elect to

petition for up to 25 percent of all past due benefits in the event of a favorable

outcome. Following the court's previous decision to remand to the agency, the

court awarded Mr. Wambach fees in the amount of $6,154.50 pursuant to the

Equal Access to Justice Act, 28 U.S.C. § 2412, $5,571.20 of which Mr. Wambach

received. Fee awards may be made under both the EAJA and Section 406(b), but

the claimant's attorney must refund the amount of the smaller fee. Gisbrecht v.

Barnhart, 535 U.S. 789, 796 (2002). Mr. Wambach has agreed that he will refund

the EAJA award of $5,571.20 he received to Ms. Jarrett.

Based on the foregoing, the motion for authorization of attorney fees

pursuant to 42 U.S.C. § 406(b) [Doc. No. 40] is GRANTED, and the court

AWARDS fees to plaintiff's attorney Joseph R. Wambach in the total amount of

$11,984.25 paid directly to Joseph R. Wambach of Keller and Keller, 2850 North

Meridian Street, Indianapolis, Indiana 46208. The Court further ORDERS Attorney Wambach to refund Ms. Jarrett the sum of $5,571.20, which represents the amount of EAJA fees already paid to Mr. Wambach and now credited to Ms. Jarrett.

SO ORDERED.

ENTERED:   September 29, 2017

                              /s/ Robert L. Miller, Jr.
                              Judge, United States District Court